IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENDEL STAFFORD,

    Plaintiff,

        v.

MICHAEL ASTRUE, Commissioner of
Social Security,

    Defendant.

NO. 09-cv-278-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 23) of Magistrate Judge Clifford J. Proud recommending that the Court affirm the Commissioner of Social Security's decision to deny plaintiff Kendel Stafford's application for disability insurance benefits and a period of disability. Stafford has objected to the Report (Doc. 27).

**I.**    **Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court will affirm the Commissioner's decision if it is supported by substantial evidence and contains no error of law. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *see* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Clifford*, 227 F.3d at 869 (internal quotations and

citation omitted). When it decides whether substantial evidence supports a decision, the Court does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Commissioner. *Id.*

## II.   Background

At the time of the onset of the alleged disability, Stafford was a 33-year-old man with a high school education who had worked in the past as a deckhand on a barge. On September 3, 2003, while working as a deckhand, Stafford injured his back. He was able to return to work within several months, but stopped working again when he reinjured his back on May 30, 2004. This is the date Stafford claims he became disabled. Stafford did not engage in substantial gainful activity after May 30, 2004. He has applied for disability insurance benefits and a period of disability alleging he is unable to work because of his back problems.

The claim made its way to an administrative law judge ("ALJ"), who conducted the five-step analysis applicable to the determination of whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ found that Stafford was not employed and had not engaged in substantial gainful activity since the onset of his alleged disability and that Stafford's degenerative disc disease of the lumbar spine and lumbar spondylosis with radiculopathy constituted severe impairments, clearing the first two steps of the five-step inquiry. The ALJ further found that Stafford's condition did not meet or equal any of the impairments listed in the relevant regulations, and moved on to the fourth step – assessing Stafford's residual functional capacity ("RFC") to determine whether he could perform his past relevant work. He concluded that Stafford was unable to perform his past work as a deckhand, which is classified as heavy or very heavy work.

The dispute in this case arises over whether Stafford satisfied the fifth step of the inquiry

– whether he has the RFC to perform any other work in light of his age, education and experience.  The ALJ found that Stafford could perform sedentary work, which was available in significant numbers in the national economy.  In coming to this conclusion, the ALJ disregarded the opinion of examining physician Dr. Jack Tippett and Stafford's testimony regarding the extent of his pain.  The ALJ also declined to obtain a vocational expert to testify about the existence of sedentary jobs available to Stafford in the national economy.  Consequently, the ALJ determined that Stafford was not disabled and denied his application for Social Security benefits.

The Report finds that the ALJ adequately explained why he rejected Dr. Tippett's opinion and properly evaluated Stafford's credibility and that there was no need for a vocational expert.  The Report concluded that there was substantial evidence to show Stafford could perform sedentary work that was available in significant numbers in the national economy.

In his objection, Stafford faults the Report in several ways.  He argues that the Report erred in finding (1) the ALJ's rejection of Dr. Tippett's medical opinions was proper, (2) the ALJ's credibility determination was proper, (3) the ALJ was not required to obtain a vocational expert and (4) that Stafford was not entitled to a period of disability.  The Court will review the objected to portions of the Report *de novo*.

**III.    Analysis**

The Court need not review the detailed, undisputed background as set forth in the ALJ's decision and the Report.  It proceeds directly to the matters at issue in this case.

  A.    Rejection of Examining Physician Opinion

Stafford faults the ALJ with failing to give Dr. Tippett's medical opinion more weight than the opinion of Dr. Julio Pardo and Dr. C.A. Gotway, who did not examine Stafford.  Dr.

Tippett conducted a consulting orthopaedic examination of Stafford on March 19, 2007, at the ALJ's request. *See* 20 C.F.R. § 404.1527(c)(3). Dr. Tippett noted that Stafford gets up from a sitting position slowly, does not stand erect but bends slightly forward, and walks without a limp and without an assistive device. He noted that Stafford cannot perform a full squat, can bend from the waist to the knees and had no problem getting on and off the examination table. He observed that Stafford's lower back was boardlike with no motion possible in the fused area and was tender but that he had normal range of motion in his hip. He concluded, among other things, that Stafford could only sit, stand or walk for 10 minutes at a time, could sit for a total of 6 hours a day[1] and was unable to stoop or crouch at all. He based these restrictions on Stafford's complaints of lower back pain and leg pain. An x-ray showed normal lumbar spine alignment and a slight narrowing of one intervertebral disc space. Dr. Tippett's findings about Stafford's RFC could have substantially eroded the category of sedentary work that Stafford could have done and would have therefore required testimony from a vocational expert. *See* Soc. Sec. Ruling 83-12.

      The ALJ considered Dr. Tippett's opinion and rejected it in favor of Dr. Pardo and Dr. Gotway's opinion. Drs. Pardo and Gotway are non-examining State agency physicians. Dr. Pardo rendered an RFC opinion in October 2005 that was consistent with Dr. Tippett's opinion as to the total time Stafford could sit, stand or walk during an 8-hour workday. It differed from Dr. Tippett's opinion in that it found fewer postural limitations on Stafford. It expressed no

---

[1] Dr. Tippett's records include an obliterated notation that Stafford could only sit for a total of 1 hour in an 8-hour workday (R. 333). The word "error" appears above the obliteration, and there is an additional notation that Stafford could sit for 6 hours in an 8-hour workday. The ALJ construed this finding to limit Stafford to sitting for a total of 1 hour. This is a clear mistake of fact. Dr. Tippett limits Stafford to sitting for a total of 6 hours in an 8-hour workday.

opinion on how long Stafford could sit, stand or walk at any one time, although it indicated normal breaks in an 8-hour day were sufficient.  Dr. Pardo's opinion further notes that Stafford walks with a limp but without an assistive device and is able to walk on his heels and toes and to squat.  Dr. Pardo did not provide a supporting explanation for his opinion.  In January 2006, Dr. Gotway affirmed Dr. Pardo's opinion.

The ALJ reasoned that the opinion of Drs. Pardo and Gotway "appears to be the most accurate assessment regarding the claimant's ability to engage in work-related activities."  The ALJ further noted that Dr. Tippett's opinion as to Stafford's limitations "are based on a one-time examination" and are "inconsistent with objective evidence of record."  Accordingly, the ALJ gave little weight to Dr. Tippett's opinion.  This is the sum total of the ALJ's explanation of his reasons for the weight he gave Dr. Tippett's opinion.

It is clear that Dr. Tippett was a non-treating source of medical evidence.  A non-treating source is "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502.  Dr. Tippett examined Stafford one time at the request of the ALJ after the hearing; he did not have an ongoing treatment relationship with Stafford.  Thus, the ALJ was not required to give his opinion controlling weight and could evaluate its weight in light of the other relevant factors.  *See Simila v. Astrue*, 573 F.3d 503, 514 (7th Cir. 2009); 20 C.F.R. § 404.1527(d)(2)-(6).

To determine the weight to give a non-treating physician's opinion, the ALJ must look at whether the physician examined the claimant, how well the opinion is supported and explained, whether it is consistent with the other evidence, the specialization of the physician, and any other relevant factor known by the ALJ.  *See Simila*, 573 F.3d at 515;  20 C.F.R. §§ 404.1527(d)(1) & (3)-(6).  The ALJ cannot reject an examining physician's opinion based *solely* on a contradictory

opinion of a non-examining physician. *See Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). The ALJ need not discuss every piece of evidence in his explanation for his decision but must build an "accurate and logical bridge" from the evidence to his conclusion. *See Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008).

Here, the ALJ did not explain why he gave more weight to the opinion of non-examining physicians than an opinion of an examining physician. While he faulted Dr. Tippett's opinion for being based on a one-time examination, he deferred to an opinion that was not based on any examination at all. Generally, more weight should be given to the opinion of an examining physician. *See* 20 C.F.R. § 404.1527(d)(1). The ALJ also does not address the supportability – or lack thereof – of Dr. Tippett's opinion with medical signs or laboratory findings. *See* 20 C.F.R. § 404.1527(d)(3). Furthermore, he found Dr. Tippett's opinion "inconsistent with objective evidence of record," but he does not cite any specific inconsistent evidence to support this statement. *See* 20 C.F.R. § 404.1527(d)(4). Finally, the ALJ does not discuss the relevance of Dr. Tippett's specialization as it relates to the specializations of Drs. Pardo and Gotway. *See* 20 C.F.R. §§ 404.1527(d)(5) & (f)(2)(i). In sum, while the ALJ's conclusion may ultimately be correct, he has not built an accurate and logical bridge from the evidence to his rejection of Dr. Tippett's opinion. Since giving weight to that opinion could have precluded Stafford from being able to perform sedentary work and could have therefore changed the result of the fifth step of the disability inquiry, a new decision is necessary.

B. <u>Plaintiff's Credibility</u>

Stafford also faults the ALJ with failing to credit his testimony about the intensity and persistence of his pain and about the extent to which it limits his capacity for work. The ALJ found that the medical signs and laboratory findings showed Stafford had a medically

determinable impairment that could reasonably be expected to produce the pain symptoms about which he complained.  *See* 20 C.F.R. § 404.1529(b).  However, he found not entirely credible Stafford's testimony that his back and hip pain was so severe that it rendered him unable to sit, stand or walk for more than 10 minutes at a time, required him to lie down often, and prevented him from lifting any objects or doing any household chores, although he was able to care for his own personal needs.  Thus, he concluded that the intensity and persistence of Stafford's pain did not render him incapable of sedentary work.  *See* 20 C.F.R. § 404.1529(c).

      The Court affords a hearing officer's credibility determination special deference because he is in the best position to see and hear the witnesses and to assess their forthrightness.  *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009);  *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004).  The Court will reverse the ALJ's credibility determination only if the claimant shows it is so lacking in explanation or support that it is "patently wrong."  *Simila*, 573 F.3d at 517;  *Skarbek*, 390 F.3d at 505.  To determine what weight to give a claimant's subjective testimony about pain, the ALJ should look to the objective medical evidence, the claimant's daily activities, the characteristics of the alleged pain, any aggravating factors, the types and effectiveness of treatments and medications, and other factors concerning the claimant's functional limitations.  *Simila*, 573 F.3d at 517;  20 C.F.R. §§ 404.1529(c)(2) & (3).  In making a credibility determination, the ALJ should consider any inconsistencies or conflicts between the claimant's statements and the other evidence in the case.  *Simila*, 573 F.3d at 517;  20 C.F.R. § 404.1529(c)(2)(4).  However, an ALJ cannot reject a claimant's statements about the intensity, persistence or effects of pain *solely* because the objective medical evidence does not support the statements.  *Simila*, 573 F.3d at 517;  *Carradine v. Barnhart,* 360 F.3d 751, 753 (7th Cir. 2004);  20 C.F.R. § 404.1529(c)(2).  The ALJ must

consider the entire case record and give specific reasons for finding a claimant's testimony not credible.  *See Simila*, 573 F.3d at 517;  Soc. Sec. Ruling 96-7p.

In this case, the ALJ found that Stafford's statements about his functional capacity were not entirely credible.  He noted that the evidence shows Stafford was able to move around – presumably that means walking – in a satisfactory manner.  Indeed, the record contains ample evidence that Stafford could walk, either with or without a limp, without an assistive device.  The ALJ also noted treatment records showing that Stafford was "doing well" shortly after his November 2005 surgery, the most recent of his three surgeries, and was ambulating well.  He further noted that, despite Stafford's allegation of disabling back pain, he did not frequently visit the emergency room or require hospitalization.  The ALJ noted that Dr. Tippett's finding of marked tenderness in Stafford's lower back was based on a single examination, although he cited in support of his credibility finding Dr. Tippett's opinion that Stafford could lift up to 10 pounds.  The lifting limitation directly contradicted Stafford's testimony that he could not lift anything.  The ALJ also referenced records indicating Stafford's hip pain is controllable with medication and physical therapy, which is inconsistent with Stafford's continuing complaints of hip pain.  The ALJ further observed that Stafford can take care of his daily personal needs, which belied his alleged inability to do any household chores.  The ALJ concluded that the limitations to which Stafford testified are greater than would reasonably be expected from the evidence.

Stafford's statements about his pain and Dr. Tippett's medical opinion are very closely related, if not interdependent.  A different decision about the proper weight to be given to Dr. Tippett's medical opinion could alter the foundation for the ALJ's determination of Stafford's credibility.  Therefore, a new decision on Stafford's credibility may be warranted.  The Commissioner should address this issue on remand.

8

    C.    <u>Vocational Expert</u>

Whether a vocational expert is required will turn on whether, on remand, Dr. Tippett's limitations are given weight.

    D.    <u>Period of Disability</u>

The ALJ did not explicitly address whether Stafford was entitled to a closed period of disability. He should do so on appeal if appropriate.

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS in part** and **REJECTS in part** the Report (Doc. 23). The Report is **ADOPTED** to the extent it sets forth the background of Stafford's case and is **REJECTED** to the extent it concludes the Commissioner's decision should be affirmed. The Court **REMANDS** this matter to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings and a new decision consistent with this order. Specifically, the Commissioner should reevaluate the weight given to Dr. Tippett's opinion and the determination of Stafford's credibility, and revisit step five of the five-step inquiry, including considering the opinion of a vocational expert, if warranted by the new RFC finding. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 17, 2010**

                                            <u>s/ J. Phil Gilbert</u>
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**